Filed 9/18/20  P. v. Moralez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO MORALEZ,<br><br>    Defendant and Appellant. | A158710<br><br>(Sonoma County<br>Super. Ct. No. SCR724066) |

**MEMORANDUM OPINION**[1]

One evening in January 2019, police officer Eduardo Espino was dispatched to the Coddingtown Mall in Santa Rosa where a private security guard had arrested Mario Moralez for trespassing.  Moralez had been told in writing that he was barred from access to the mall but the guard found him in the parking lot area.  The guard handcuffed him and conducted a pat-down for weapons, finding a large kitchen knife measuring just over six inches secreted in the left pocket of his jacket.

Moralez was subsequently charged with two offenses:  count one, possession of dirk or dagger (Pen. Code, § 21310), and count two, misdemeanor trespass (Pen. Code, § 602, subd. (t)(1)).  Additionally, it was

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law. (California Standards of Judicial Administration, § 8.1.)

1

alleged that he had suffered a prison prior conviction in 2013.  (Pen. Code, § 667.5.)  Moralez pleaded no contest to count one, and the remaining allegations were dismissed.  He was then sentenced to a split term (Pen. Code, § 1170, subd. (h)), totaling 24 months, partially in custody and partially under mandatory supervision by the probation department.

After a certificate of probable cause to appeal was denied on October 8, 2019, Moralez filed a notice of appeal, proceeding pro se.  His notice of appeal does not specify whether he seeks review of the judgment of conviction, the sentence, or some specific order entered prior to or after conviction.

Appointed appellate counsel has filed a brief asking this court to conduct an independent review of the record to determine if there are arguable appellate issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

The *Wende* brief filed by Moralez's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Moralez was apprised of his right to file a supplemental brief, but he failed to file anything.  Following *Wende* guidelines, we have conducted an independent review of the record summarized above and conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

Moralez's judgment of conviction, sentence, and all orders entered by the trial court in these proceedings are affirmed.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN J.

2